UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Gurnee Motel, et al.,

    *Plaintiff,*

v.

Village of Gurnee,

    *Defendant.*

No. 24 CV 9603

Judge Lindsay C. Jenkins

MEMORANDUM OPINION AND ORDER

Plaintiffs Gurnee Motel LLC, Gurnee Property Management Inc., V Capital LLC, and Priyanka Shah (Plaintiffs or Gurnee Motel) filed this action against the Village of Gurnee, David Ziegler, Brian Smith, Brian Fiene, and Bryan Winter (Defendants or the Village) raising claims under both 42 U.S.C. § 1983 and Illinois state law for warrantless searches, false arrest, civil conspiracy and asserting liability under *Monell*. [Dkt. 16.][1] Defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [Dkt. 22.] For the reasons stated below, the motion is granted.

## I.    Standard of Review

"Either party can use a Rule 12(c) motion 'to dispose of the case on the basis of the underlying substantive merits.'" *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 518 (7th Cir. 2025) (quoting *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993)). When, as here, a defendant files a Rule 12(c) motion to challenge the sufficiency of the complaint, "the motion performs the same function as a Rule 12(b)(6) motion to dismiss—and the complaint must meet the Rule 12(b)(6) standard for the suit to survive." *Wolf*, 132 F.4th at 518. The court views all facts and inferences in the light most favorable to the non-moving party.

The court may consider the pleadings, any exhibits attached to the complaint, and matters of public record that are not subject to reasonable dispute. *See South Branch LLC v. Commonwealth Edison Co.*, 46 F.4th 646, 648 (7th Cir. 2022). It may also consider "documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (citing *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) ("The plaintiffs themselves referred to the EEOC

---

[1]    Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

charges in their complaint. The defendants were free to attach the written EEOC charges to a motion to dismiss had they filed one; it was likewise fair game for them to attach the written charges to their answer and then move for partial judgment on the pleadings.")

## II.    Background

*Relevant provisions*. The Gurnee code of ordinances[2] require local hotels to maintain guest registers for each guest who reserves a room. The code also requires that a hotel "make that guest register available for inspection by local law enforcement officials from time to time upon demand." [Section 22-311(b); Dkt. 22-1 at 9.] Section 22-315(a) permits village department personnel to enter hotels and "inspect the hotel guest registry for the purpose of investigating or enforcing any law, ordinance or regulation, subject to constitutional restrictions on searches and seizures." [Section 22-315(a); Dkt. 22-1 at 12.]

Failure to comply with the registration requirements of Section 22-311 qualifies as a "nuisance incident." [Section 22-301(21); Dkt. 22-1 at 3.] Section 22-316 outlines an enforcement procedure to adjudicate nuisance incidents. Relevant here, when a nuisance incident occurs at a hotel and there is evidence that hotel personnel violated a code section, "a complaint shall be filed against the licensee and processed pursuant to the administrative adjudication procedures of [the Code of Ordinances]" or an ordinance violation can be filed with the Circuit Court of Lake County. [Section 22-316(a)(1); Dkt. 22-1 at 12.] If a hearing officer or judge makes a liability finding and determines there has been a nuisance incident violation, a hotelier may be penalized including through a $750 fine per violation. [Section 22-317(1); Dkt. 22-1 at 13.]

*Factual Background*. Gurnee Motel, LLC operates a 41-room hotel located on Grand Avenue in Gurnee, Illinois. [Dkt.16 at ¶ 2.] The amended complaint alleges that the Village of Gurnee conducted "illegal warrantless search[es]" of Gurnee Motel's hotel guest register on various dates in late 2023 and early 2024, in violation of § 1983 and state law. More particularly, Plaintiffs allege that Gurnee police personnel, at the direction of the Village Attorney and the Community Development Director, sent police authorities to the hotel to search the guest register in violation of the Fourth Amendment. [*Id.*, ¶¶ 20, 22–24.] Plaintiffs allege that Defendants' actions were racially motivated by the East Indian identity of the hotel's owner Priyanka Shah and its front desk clerk, Utsav Desai, who is not a party to this action. [*Id.*, ¶¶ 7, 24.]

---

[2]    The court takes judicial notice of the relevant municipal ordinances. *See Mestek v. LAC Courte Oreilles Cmty. Health Ctr.*, 72 F.4th 255, 260 (7th Cir. 2023); *Kempa 3105, LLC v. Sauk Vill., Ill.*, 2020 WL 4934972, at *1 (N.D. Ill. Aug. 24, 2020) (municipal ordinances are subject to judicial notice).

The amended complaint references three administrative complaints issued to the Gurnee Motel by the Village arising from law enforcement's attempts[3] to search the guest register. [*Id.*, ¶ 134; Dkt. 22-3 Citation Nos. 24-0001, 24-0002, 24-0003.] Two of these complaints arose from law enforcement's investigation into possible guest overstays in violation of a Gurnee ordinance that prohibits individuals from staying at a hotel for more than 30 days in a 60-day period, and prohibits a hotel from allowing a person to stay longer. [Dkt. 22-1, Section 22-312(d).] As part of an investigation, Detective Brian Fiene "conducted a residency check" of the Gurnee Motel in early December 2023. On the first occasion, Fiene was advised by the desk clerk, Utsav Desai, that an individual had stayed at the hotel "for an extended period of time…but that his departure for one day on a monthly basis satisfied the Village Ordinance." [Dkt. 22-3 at 2.] Fiene issued the first complaint against the Gurnee Motel on December 5, 2023 (Citation No. 24-0001), noting that he had "reasonable grounds to believe" that it had committed a violation of the municipal code. [*Id.*]

On two other occasions in December 2023, Fiene returned to the hotel and verbally requested to see the guest registry under municipal code section 22-315. [Dkt. 22-3 at 3.] At Desai's request, Fiene later followed up on one request in writing. [*Id.*] Each time, Desai denied access to the registry. [*Id.*] Fiene then issued two more administrative complaints against Gurnee Motel (Citation Nos. 24-0002 and 24-00023) alleging that refusal to provide the guest registries "constitutes separate nuisance incidents under Gurnee Municipal Code, Sections 22-301, 22-311 and 22-315." [Dkt. 22-3 at 3–6; Dkt. 16, ¶ 18.]

All three complaints were "voluntarily dismissed with prejudice" by the Village in March 2024. [Dkt. 16, ¶ 19.] This lawsuit followed.

## III. Discussion[4]

### A. Search Claims

Counts One through Seven of the amended complaint allege "illegal warrantless searches" by the Defendants arising from officers' attempts to search the

---

[3]     In their Answer, Defendants acknowledge the officers' presence at the hotel on the relevant dates but deny that officers were permitted to search the hotel register. [Dkt. 21 at ¶¶ 49, 63, 90, 130.] Plaintiffs concede that no search actually occurred. [Dkt. 25 at 4 ("Plaintiffs refused to allow the inspections.")]

[4]     The amended complaint alleges that Priyanka Shah and Utsav Desai's race prompted the Gurnee police to target Plaintiffs. [Dkt. 16, ¶ 23 ("Defendant is guilty of racial discrimination based on the color of the skin of Gurnee Motel property managers, owners, staff and guests as 'East Indian' and not 'White.'")] "Discrimination cases brought under § 1983 are governed by the same legal standards as those brought under Title VII." *Bless v. Cook Cnty. Sheriff's Off.*, 9 F.4th 565, 574 (7th Cir. 2021). Defendants argue that any § 1983 claim premised on race discrimination fails because Plaintiffs do not allege that their race

guest register on certain dates. [Dkt. 16, ¶¶ 49, 63, 90, 130.] Count Eleven alleges that the searches also violated Article I, section 6 of the Illinois Constitution. [*Id.*, ¶¶ 157–60.] In their amended complaint, Plaintiffs allege that the "searches were illegal based on the U.S. Supreme Court's decision in *City of Los Angeles v. Patel*, 576 U.S. 409, 419 (2015)," specifically that the "lack of an administrative warrant or subpoena provides no opportunity for pre-compliance review which renders the actions by Village of Gurnee as illegal and unconstitutional under the Fourth Amendment." [Dkt. 16, ¶ 3.] They argue that because Section 22-311(b) is "virtually identical" to the ordinance at issue in *Patel*, which allowed "police inspection of the guest register upon request and without [an] administrative warrant or subpoena," "Section 22-311 of the Gurnee Code is facially unconstitutional." [Dkt. 25 at 2–4.] Defendants disagree, arguing that viewed in context and read as a whole, the ordinances do what *Patel* required: provide for pre-compliance review. [Dkt. 22 at 4–8; Dkt. 26 at 2–5.] The Court agrees with Defendants.

Plaintiffs mount a facial challenge to the constitutionality of the ordinance, so they "assume a demanding burden"—they must "establish[] that a 'law is unconstitutional in all of its applications.'" *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Patel*, 576 U.S. at 418). When addressing a "facial challenge to a statute authorizing warrantless searches, the proper focus of the constitutional inquiry is searches that the law actually authorizes, not those for which it is irrelevant." *Patel,* 576 U.S. at 418; *Bell*, 835 F.3d at 740–41.

The Fourth Amendment protects against unreasonable searches such that "no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. Likewise, Article I, § 6 of the Illinois Constitution affords people "the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means."[5] Warrantless searches or seizures are generally unreasonable, although there are exceptions. *Patel*, 576 U.S. at 419 ("searches

---

caused the Defendants to issue the administrative charges or prompted the requests to view the registries. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (explaining that a plaintiff must come forth with evidence which, taken as a whole, would permit a reasonable factfinder to conclude that the plaintiff's race caused the complained-of action). Plaintiffs do not respond to this argument in their response brief, and the failure to do so results in waiver. *In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived.")

[5]     The court resolves both the state and federal unlawful search and false arrest claims together. "The Illinois Supreme Court applies a 'limited lockstep' approach when interpreting cognate provisions of [the Illinois] and federal constitutions. Under this approach, the Illinois Supreme Court will interpret a provision of the Illinois Constitution in the same way as a similar provision in the Federal Constitution absent certain exceptional circumstances." *Naperville Smart Meter Awareness v. City of Naperville*, 900 F.3d 521, 525 n.3 (7th Cir. 2018) (cleaned up) (citing *City of Chicago v. Alexander*, 89 N.E.3d 707, 713 (Ill. 2017)). Here, as in *Naperville Smart Meter*, neither party argues for a departure from the lockstep doctrine.

conducted outside the judicial process, without prior approval by a judge or a magistrate judge, are per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." (cleaned up)).

In *Patel*, the Supreme Court considered an ordinance that required hoteliers to keep records of guest information and provide police with those records on demand. The Court held the provision unconstitutional because it subjected hoteliers to immediate arrest and punishment for a failure to turn over records without an opportunity for pre-compliance review. *Id.* at 419. In so holding, the Court observed that "a hotel owner must be afforded an opportunity to have a neutral decisionmaker review an officer's demand to search the registry before he or she faces penalties for failing to comply." *Patel*, 576 U.S. at 421. After explaining that the city of Los Angeles had made no attempt to argue that the ordinance provided a mechanism for pre-compliance review, the Court concluded the ordinance was facially invalid. *Id.* at 421 ("the City does not even attempt to argue that [the ordinance] affords hotel operators any opportunity whatsoever. [The ordinance] is, therefore, facially invalid.") One way in which authorities could make pre-compliance review available was through administrative subpoenas. *Id.* at 423. "[W]hatever the precise form, the availability of precompliance review alters the dynamic between the officer and the hotel to be searched, and reduces the risk that officers will use these administrative searches as a pretext to harass business owners." *Id.*

Plaintiffs here argue that, like *Patel*, the ordinance does not contemplate pre-compliance review because there is no requirement that authorities obtain an administrative warrant or subpoena. [Dkt. 16, ¶¶ 3, 44, 58, 72, 85, 99, 112, 125.] But *Patel* "never attempted to prescribe the exact form an opportunity for precompliance review must take." 576 U.S. at 421. Administrative subpoenas were but "one way." 576 U.S. at 423. Defendants argue that Section 22-316's enforcement procedure for adjudicating nuisance incidents provides the pre-compliance review *Patel* mandated. The court agrees.

To proceed with a nuisance incident, village officials must either issue an administrative adjudication complaint or file a complaint with the Circuit Court of Lake County. § 22-316(a)(1). Only after a hearing officer or judge finds liability or enters judgment may a hotel be declared a nuisance hotel, triggering the imposition of financial penalties such as a fine. §§ 22-316(a)(1); 22-317 ("Upon the finding of a nuisance incident violation, a hearing officer or Circuit Court of Lake County, Illinois may impose any or combination of the following remedies"). This procedure affords Plaintiffs the "opportunity to have a neutral decisionmaker review an officer's demand to search the registry before he or she faces penalties for failing to comply." *Patel*, 576 U.S. at 421.

Though Plaintiffs only raise a facial challenge, facial and as-applied challenges can overlap. *Lukaszczyk v. Cook County*,—F4th—, 2025 WL 1429211 (7th Cir. May 19, 2025) (noting that a facial challenge "usually invites prospective relief, such as an

5

injunction, while an as-applied challenge invites narrower, retrospective relief, such as damages.") Here, even an as-applied challenge fails. The amended complaint does not allege, for example, that when Desai declined to make the guest registry available, he or Shah were immediately arrested or otherwise punished for a failure to turn over records—the fatal scenario described in *Patel*. Instead, the administrative complaints issued by the Village triggered the pre-compliance procedures discussed above. That is, Plaintiffs would be subject to punishment for failure to make the registry available only after a hearing officer or judge made a finding of liability or entered a judgment declaring the violation to be a nuisance incident and declaring the establishment a nuisance hotel. That ultimately never happened because the complaints were dismissed. [Dkt. 16, ¶ 19.]

Plaintiffs' only remaining argument—that Section 22-316 is not relevant to the court's analysis because the administrative complaints did not expressly cite that provision—is a non-starter. [Dkt. 25 at 3–4.] True, the charges issued to the Gurnee Motel cited only to the specific code section violations alleged to have been committed, such as 22-301, 22-311, 22-312 and 22-315. But the failure to cite 22-316's enforcement provision is not fatal, nor is the provision "irrelevant" as Plaintiffs would have the court conclude. Ignoring the section that supplies the very pre-compliance review required by *Patel* is non-sensical. Nor may the court view the various provisions of the code of ordinances in isolation, which violates the cardinal rule that courts read statutes as a whole. *United States v. Pace*, 48 F.4th 741, 753 (7th Cir. 2022) (courts "read a statute 'as a whole' rather than 'as a series of unrelated and isolated provisions.'") (quoting *Arreola-Castillo v. United States*, 889 F.3d 378, 386 (7th Cir. 2018)); *Gonzales v. Oregon*, 546 U.S. 243, 273 (2006) ("[S]tatutes 'should not be read as a series of unrelated and isolated provisions.'"). As Defendants point out, Section 22-316 is not a charging section. [Dkt. 26 at 3.] Rather, it outlines the steps to be followed before penalties can be enforced—the very type of pre-compliance review absent in *Patel*.

Given that the code of ordinances provides an opportunity for pre-compliance review, Plaintiffs have failed to carry their heavy burden of showing that the ordinance's application is facially unconstitutional. Judgment on the pleadings is appropriate for Counts One through Seven and Eleven.

## B.     False Arrest Claims

Counts Eight and Twelve allege false arrest under the Fourth Amendment and state law, respectively. To prevail on a Fourth Amendment false-arrest claim, "a plaintiff must show that there was no probable cause for his arrest." *Braun v. Village of Palatine*, 56 F.4th 542, 548 (7th Cir. 2022) (quoting *Nieta v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016)). A false arrest "is detention without legal process." *Bianchi v. McQueen*, 818 F.3d 309, 321 (7th Cir. 2016). To succeed on a false arrest claim under Illinois law, Plaintiffs must show (1) an arrest or restraint against one's will; (2) caused or procured by the defendants; and (3) made without probable cause

or reasonable grounds to believe he committed the offense. *Gaddis v. DeMattei*, 30 F.4th 625, 633 (7th Cir. 2022).

The amended complaint fails to adequately plead a claim for false arrest. First, Plaintiffs do not allege there was any arrest or detention of anyone, which is required to state such a claim. They allege that a false arrest occurred when Defendants "conducted three false arrests of plaintiff Gurnee Motel on January 1, 2024 by serving the hotel manager Utsav Desai" with the administrative complaints. [Dkt. 16, ¶ 134.] Nothing about this allegation makes it reasonable to infer that there was a seizure of a person, whether through an arrest or restraint. A seizure under the Fourth Amendment must "'in some way restrain[] the liberty' of the *person*." *Torres v. Madrid*, 592 U.S. 306, 311 (2021) (emphasis added).

Second, "Fourth Amendment rights are personal. They may not be asserted vicariously, on behalf of others." *United States v. Dixon*,—F4th—, 2025 WL 1322581 (7th Cir. May 7, 2025) (citing *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978)). Here, Plaintiff Gurnee Motel is the alleged arrestee, but it is not a person, something Plaintiffs acknowledge in their response brief. [Dkt. 16 at 28; Dkt. 25 at 6 ("Plaintiff Gurnee Motel properly pleaded the claim for false arrest. Utsav Desai is not a plaintiff. The arrestee here is the company Gurnee Motel.")] The "person" described in the amended complaint is Desai, who is not a party to this action. So even if the amended complaint did allege that Desai was seized, restrained or arrested (it does not), only he could bring a claim for false arrest because Fourth Amendment rights are not derivative. They may only be asserted by the one whose rights were violated.

In short, there is no plausible allegation that any person was seized within the meaning of the Fourth Amendment or the Illinois Constitution, whether through an arrest or detention. The motion for judgment on the pleadings is granted as to Counts Eight and Twelve.

## C. *Monell* and Civil Conspiracy Claims

Counts Nine and Ten raise *Monell* and civil conspiracy claims. Where no constitutional violation is established, claims for conspiracy to deny a civil right, and for municipal liability claims fail as a matter of law. *Archer v. Chisholm*, 870 F.3d 603, 620 (7th Cir. 2017) ("Section 1983 does not reach a conspiracy to deny a civil right in the absence of an actual denial of such right."); *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008) ("It is well established that there can be no municipal liability based on an official policy under *Monell* if the policy did not result in a violation of a plaintiff's constitutional rights." (cleaned up) (quoting *King v. East St. Louis Sch. Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007)).

Plaintiffs' *Monell* claim hinged on an alleged "policy of deliberately inadequate hiring, supervision and training about civil rights after *City of Los Angeles v. Patel*," resulting in "warrantless searches." [Dkt. 16, ¶¶ 140–42.] The warrantless searches

were also the acts alleged in furtherance of a civil conspiracy. [*Id.* at ¶¶ 153–55.] Without allegations that could reasonably infer denial of a civil right, Counts Nine and Ten are dismissed.[6]

## IV. Conclusion[7]

For the reasons stated above, the Village's Motion for judgment on the pleadings is granted. Plaintiffs were already provided with one opportunity to amend their complaint following adversarial testing of their claims, so the dismissal is with prejudice. *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022); *Circle Block Partners, LLC v. Fireman's Fund Insurance Company*, 44 F.4th 1014, 1023 (7th Cir. 2022).

Enter: 24-cv-9603
Date: May 29, 2025

_____

Lindsay C. Jenkins

---

[6]     Because the court has resolved all of the claims in the amended complaint on other grounds, it does not reach Defendants' alternative argument for qualified immunity.